**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MATTHEW ROBERT ELMORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 25-2251 (UNA) |
| | ) |
| BANK OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The Court GRANTS the application and, for the reasons stated below, DISMISSES the complaint and this civil action without prejudice.

The Court has reviewed plaintiff's complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than are applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted such that they might prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff demands that Bank of America produce "all bank records since 1980 in all of [plaintiff's] names." Compl. at 3; *see id*. at 4. Although plaintiff invokes federal question jurisdiction, *see id*. at 3, it is unclear that a demand for records purportedly maintained by a corporation amounts to a "civil action[] arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331. Even if this were a matter over which this Court has jurisdiction, the complaint fails to allege sufficient facts to put Bank of America on notice of plaintiff's claim, particularly because the complaint does not identify any other names by which plaintiff is or was known.

As drafted, the complaint does not comply with Rule 8, and it will be dismissed. An Order consistent with this Memorandum Opinion is issued separately.

DATE: January 2, 2026                          /s/
                                                                                  ANA C. REYES
                                                                                  United States District Judge